## SMITH ET AL. v. RAMER.

1. RESCISSION—PLEADING.

A complaint in an action for rescission of a contract which contains no allegation of an offer to restore the goods obtained under the contract, or put the parties *in statu quo*, is insufficient.

2. EVIDENCE.

Testimony of a witness called to prove value, who has not shown himself competent to testify on the subject-matter inquired about, is objectionable.

3. IMMATERIAL ERROR.

Where the plaintiff testified fully as to certain matters, and the defendant offered nothing *contra*, the exclusion of other testimony to the same point is immaterial error.

4. SAME.

When the plaintiff was not entitled to recover upon the case as made, an erroneous instruction does not require a reversal of the judgment against him.

mmm

*Error to the County Court of Larimer County.*

Mr. E. A. BALLARD, for plaintiffs in error.

Messrs. ROBINSON & LOVE, for defendant in error.

BISSELL, J., delivered the opinion of the court.

A brief statement of the facts will make plain this contro-
versy.   In October, 1892, Mrs. Ramer was the lessee and pro-
prietor of the Tedmon House in Fort Collins.   A little while
before the day of the sale, L. A. Smith, who is the husband
of the other coplaintiff, entered into negotiations with Mrs.
Ramer's husband with reference to the purchase of the lease,
good will, and furniture in the house.   They culminated in
a purchase.   The consideration was $500 in cash, and $1,000,
evidenced by ten promissory notes maturing at regular inter-
vals.   At the time of the sale, Post, the agent of the hotel,
went through the house with his inventory to see whether
there still remained in the building what had been leased
with the house to Mrs. Ramer.   Smith's evidence shows that
within a day or two of the time when he took possession, he
was advised by Post of the extent of the lessor's claims.
Smith gave a good deal of evidence respecting Ramer's repre-
sentations concerning what belonged to him, and the differ-
ence between what he got and what Ramer said his wife
owned.   It is not quite clear, though reasonably certain,
that he had this information before the execution of the
notes.   If he did not, he had it immediately afterwards.   The
Smiths, however, remained in possession, and were in posses-
sion at the time of the bringing of the various suits, which
will be referred to, and at the time this action was brought
in the ensuing year.   No offer had been made to cancel the
trade or restore the goods, or put the parties back into their
original condition.   The sale included not only part of the
stuff in the hotel, but the lease and good will, and the Smiths
received the benefit of sundry repairs which had been put on
the place by Mrs. Ramer, and for which a monthly credit or
rebate was given on the rent account.   The notes were not
paid at maturity, and Mrs. Ramer commenced suit on some
of the notes.   When the case reached the county court, the
Smiths attempted to defend by an assertion of a counterclaim
growing out of the transactions.   There were some legal

obstacles to the practice, and the litigation ultimately came to this court. It is wholly unnecessary to refer to that litigation, since the principle of it is not involved here. Afterwards, this suit was brought in the county court. Its basis is not easily understood. The complaint proceeds to state the transaction, alleges the false representations, and the reliance placed on them by the plaintiffs, the inducements which they were to the trade, and alleges that on account of it the consideration had wholly failed; sets up the institution of three suits, and then prays that Mrs. Ramer's claim may be adjudged satisfied, and that she may be ordered to surrender the notes for cancellation.

The complaint was not happily conceived for the purpose of securing any relief. It could hardly be deemed other than an action to rescind the contract, in which event the complaint was wholly insufficient to justify a judgment in the plaintiffs' favor. There was no allegation that there had been an offer to restore the goods or put the parties in *statu quo*. If the action is to be treated as an action for rescission, on the ground of a total failure of consideration, it is wholly unsupported by the testimony. The plaintiffs got the lease, were regarded as tenants by the landlord, received the benefit of the rebate on the rental, which came from the repairs put on the house by Mrs. Ramer, and certainly got a part, and a very considerable part of the property which Smith supposed he bought when he made the trade with Ramer. This shows that there was no such total failure of consideration as entitled the party to maintain this kind of an action. We do not undertake to say, if the consideration had partially failed, and the plaintiffs were able to sustain their allegations of fraud and misrepresentations to the satisfaction of the jury, they were not entitled to some relief. On this matter we do not express an opinion. We simply say the record does not support the action as now conceived. Plaintiffs' counsel, who appears in this court, has evidently recognized the difficulty with the case, and has suggested for our consideration but two errors. One of these is

based on a rejection of testimony. One witness was produced who was asked respecting the value of some of the property which was included in the sale. The court excluded this evidence, and the ruling is assigned as error. There are two reasons why the objection was well based. One is, the witness had not shown himself competent to testify on the subject-matter inquired about, and the second is the plaintiffs gave testimony about it, and the defendant offered nothing *per contra*. Had the evidence been admissible, no harm came to the plaintiffs by reason of its rejection. The other error is based on the giving of an instruction which proceeded on the theory that this suit could not be maintained if the jury found, as a matter of fact, that the plaintiffs remained in possession of the property which they bought and the hotel, without offering to surrender or cancel the contract which had been made. The instruction probably ought to have been modified by the insertion of some limitations which the law affixes to the right to rescind, and it would probably have been wise to have explained the difference between a rescission based on fraud and one which rests on a failure of consideration. Even though the instruction may be conceded to be defective, it would not operate to reverse the judgment. The plaintiffs were not entitled to any instruction regarding a rescission of contract, or one respecting the right to rescind an agreement, because of the failure of consideration. Their action was not properly conceived with reference to either proposition. They were not entitled to recover upon the case as made, and an erroneous instruction will not therefore compel us to overturn the judgment.

We perceive no error in the record which compels us to disturb the judgment, and it will accordingly be affirmed.